THE CITY HALL BUILDING AND LOAN ASSOCIATION OF NEWARK, NEW JERSEY, a corporation, complainant,

*v.*

FLORENCE REALTY COMPANY, a New Jersey corporation, et al., defendants.

[Decided February 2d, 1932.]

*Mr. William Greenfield,* for the complainant.

*Mr. Louis B. Zavin,* for the defendant Hillside Supply Company.

BERRY, V. C.

The bill is to foreclose a mortgage dated November 10th, 1930, and recorded November 26th, 1930, given to secure a construction loan. The only answering defendant is the Hillside Supply Company, a mechanics' lien claimant. On November 24th, 1930, this defendant, in conjunction with other such claimants, signed an agreement postponing its lien to the lien of complainant's mortgage and thereby authorized the complainant "to pay the said sum of $22,000, secured by mortgage, either in whole or in installments, direct to the said owner of the said building, in any way, manner or form, as shall be required by the owner to receive and The City Hall Building and Loan Association of Newark, New Jersey, to pay."

The agreement also contained the following provision:

"And we further stipulate and agree and hereby authorize and empower the City Hall Building and Loan Association of Newark, N. J., and this shall be its warrant and authority for so doing, to deduct and pay all premiums, back shares, interest on prior mortgages, taxes, insurance and all other prior liens of any kind, that shall or may become due during the construction or completion of the said buildings and garage, until the total sum shall have been paid by the City Hall Building and Loan Association of Newark, N. J., to the said Owner and Builder thereof, that is, the sum of Twenty-two Thousand Dollars, agreed to be loaned and advanced by the City Hall Building and Loan Association of Newark, N. J.

"We further authorize and empower the City Hall Building and Loan Association of Newark, N. J., to deduct all counsel fees and other expenses and disbursements necessary and appertaining thereto."

The agreement then provides that the said mortgage and the moneys so advanced and deducted shall be prior and paramount in lien to any and all liens of the materialmen and laborers who signed.

The proceeds of this mortgage were paid by the complainant to its attorney for distribution as follows: On November 18th, 1930, $19,000, from which deductions were made by the association for premium and dues; on November 25th, 1930, $1,000, from which no deduction was made; on January 5th, 1931, $2,000, from which the association deducted $320 for dues and interest.

The defendant contends that the postponement agreement is effective only as against the first and second payments by reason of the 1930 amendments to the Mechanics' Lien act (*P. L. 1930 ch. 212*); but by section 15 of that act priority is given to mortgages over mechanics' liens where, amongst other instances, claimants have subordinated, released or postponed their right of payment or lien to the mortgage—"no postponement, however, to be effective, * * * except for the first payment made in reliance thereon, and any proceeding payments which may have been made." This provision applies to the ordinary postponement agreement—not to agreements of the character of that here involved, broader in its scope, and which are not inhibited by the statute. While conferring certain benefits to laborers and materialmen that statute does not restrict the right of contract. It is an established principle of law that a person may lawfully waive by agreement, the benefit of a statutory provision, except where such waiver would violate a public policy expressed in the statute. *Quick* v. *Corlies, 39 N. J. Law 11; Freeman* v. *Conover (Court of Errors and Appeals), 95 N. J. Law 89; Shutte* v. *Thompson, 82 U. S. 151* (at *p. 153*); *13 C. J. 423*, and cases cited. There is no general object of public policy or morals in the 1930 amendment referred to. The rights of the parties here are controlled by their agreement and not by the statute. *Future Building and Loan Association* v. *Mazzocchi, 107 N. J. Eq. 422; Bank of America National Association* v. *La Reine Hotel Corp., 108 N. J. Eq. 567*. By the agreement of November 24th, 1930, this defendant authorized the complainant to pay out the entire sum of $22,000 in any manner required by the owner or by the complainant and authorized the complainant to make all payments during the construction of the building until the total sum of $22,000 was paid to the owner and the builder. It must be assumed that this agreement was made with the knowledge of the parties of the existence of the statute. This defendant received $500 from the complainant at the time of signing the agreement and in reliance upon that agreement the complainant paid out the entire amount.

of the mortgage loan. I conclude that the agreement is binding upon the defendant regardless of the statute and will advise a decree in accordance with these views.